RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE ⟨2/11/13⟩
⟨initials⟩

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT FRANK JOHNSON,<br>  Plaintiff | CIVIL ACTION<br>NO. 1:12-CV-02339 |
| VERSUS | |
| JOE P. YOUNG, et al.,<br>  Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Robert Frank Johnson ("Johnson") on September 6, 2012. Johnson, a native and citizen of Jamaica, entered the United States in 1970, when he was six years old, and became a legal permanent resident of the United States (Doc. 1). Johnson alleges that, based on prior convictions, he was ordered removed from the United States in March 1997, and remained in custody until December 2001. In December 2001, Johnson was released pursuant to an order of supervision, and remained on supervised release for eleven years; Johnson contends he complied with his supervision requirements and did not commit any new crimes (Doc. 1). In May 2012, Johnson was returned to custody by ICE, where he has remained pending removal from the United States (Doc. 1).

Johnson contends he has been detained by the Bureau of Immigration and Customs Enforcement ("ICE"), of the Department of

Homeland Security, since May 2012 and asks for release pending removal, pursuant to the Supreme Court's opinion in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001). Johnson is currently detained in the LaSalle Detention Center in Trout, Louisiana (Doc. 12).

In <u>Zadvydas</u>, 533 U.S. at 701, 121 S.Ct. at 2505, the court concluded that pre-removal detention for up to six months was presumptively reasonable, and explained the burdens of proof thereafter as follows:

> "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

It is noted that Johnson filed his habeas petition in September 2012, before the presumptively reasonable six month detention period expired (Doc. 1). At this point, however, the six month period has expired.

Johnson shows, in a letter dated June 20, 2012, that the government of Jamaica informed ICE that it is aware Johnson will require placement in a care-giving facility on his return to Jamaica, and it will take some time for the appropriate

arrangements to be made for Johnson, so Johnson's travel documents will be delayed (Doc. 17, Ex.). Notes in Johnson's file show that inquiries were made to the Jamaican Consulate about Johnson's travel documents in July 2012, August 2012, September 2012, October 2012, November 2012, December 2012, and January 2013, and each time the response was that Johnson's case is still pending (Doc. 17, Ex.).

Respondents show in their response to the habeas petition (Doc. Item 12), that ICE officials issued decisions to continue Johnson's detention in August 2012 and November 2012, because he is a flight risk, and his criminal history makes him a danger to the community (Doc. 12, Ex.). Respondents' exhibits also show that Johnson was arrested by ICE in May 2012 for "failure to depart the United States" and because he was an ICE fugitive (Doc. 12, Ex.). However, the Respondents' brief admits Johnson was released on an order of supervision in July 2002 (Doc. 12). The Respondents' show that Johnson has an extensive criminal history between 1982 and 1996, and there was one arrest in 2002, but the 2002 charges (if any) and their disposition are unknown. Respondents also argue that, although the Jamaican Consulate has not yet issued travel documents, it also has not refused to do so.

The Respondents' findings that Johnson is a flight risk and a "danger to the community" due to his criminal history are not supported by the record; Johnson apparently did not flee or commit

3

further crimes in the eleven years he was on supervised release, and the Respondents have not alleged any change in Johnson's circumstances which would warrant findings that he is a flight risk and a danger to the community.

Moreover, it appears Johnson was mistakenly arrested in 2012 as an "ICE fugitive" who had failed to depart the United States. Nothing in the records before this court indicates Johnson was a fugitive or that he had "failed to depart"; instead, Johnson was on supervised release.

Finally, it appears that Johnson is ill.  Johnson alleges hypertension and diabetes, Respondents admit he was admitted in 2012 for a cardiac consultation, and the Jamaican Consulate has stated that Johnson will need a care-giving facility.  The Respondents have not explained, or attached any medical records to illuminate for the court, the precise nature and gravity of Johnson's medical condition.

It appears that Johnson was mistakenly arrested and detained by ICE in 2012 under the misapprehension that Johnson was an ICE fugitive, the Respondents' decision to continue to detain Johnson is based on the unsupported findings that Johnson is a "flight risk" and a "danger to the community,"[1] and inquiries as to the issuance of Johnson's travel documents have consistently elicited the response of "pending" from the Jamaican Consulate since May

---

[1] See Tran v. Mukasey, 515 F.3d 478 (5th Cir. 2008).

2012.  A combination of the Consulate's dilatory tactics and the mistakes by ICE make it appear quite likely that Johnson will not be removed from the United States in the reasonably foreseeable future.   Respondents argue only that the Consulate "has not refused" to issue travel documents; they have not shown there is a significant likelihood that Johnson's removal will take place in the reasonably foreseeable future.   Contrast, <u>Clark</u>, 125 S.Ct. at 727.

Accordingly, Johnson's habeas application, should be granted.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Johnson's Section 2241 application for writ of habeas corpus be GRANTED and that Johnson be released under supervision within **sixty (60) days** of the court's order, unless he is removed prior to that time.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of February 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE