RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE 2 / 22 / 13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

ROBERT FRANK JOHNSON,
     Plaintiff

VERSUS

JOE P. YOUNG, et al.,
     Defendants

CIVIL ACTION
NO. 1:12-CV-02339

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Robert Frank Johnson ("Johnson") on September 6, 2012. Johnson, a native and citizen of Jamaica, entered the United States in 1970, when he was six years old, and became a legal permanent resident of the United States (Doc. 1). Johnson alleges that, based on prior convictions, he was ordered removed from the United States in March 1997, and remained in custody until December 2001. In December 2001, Johnson was released pursuant to an order of supervision, and remained on supervised release for eleven years (Doc. 1). In May 2012, Johnson was returned to custody by ICE, where he has remained pending removal from the United States (Doc. 1).

Johnson contends he has been detained by the Bureau of Immigration and Customs Enforcement ("ICE"), of the Department of Homeland Security, since May 2012 and asks for release pending removal, pursuant to the Supreme Court's opinion in Zadvydas v.

Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).  Johnson is currently detained in the LaSalle Detention Center in Trout, Louisiana (Doc. 12).

A response to the habeas petition was filed on January 14, 2013 (Doc. 12), and a Report and Recommendation was filed by the undersigned on February 10, 2013, recommending that Johnson's habeas petition be granted (Doc. 18).

The Respondents then filed a motion to dismiss on February 14, 2013 (Doc. 19).  Respondents show, through an affidavit by Lori W. Wilson, the Acting Assistant Field Office Director of the U.S. Department of Homeland Security, Immigration and Customs Enforcement, at the facility in Oakdale, Louisiana, that Johnson was released on supervision on February 5, 2013 (Doc. 19, Ex. 1).

Since Johnson has been afforded the sole relief sought in his habeas petition, the Respondents' motion to dismiss should be granted and Johnson's petition should be dismissed as moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 19) be GRANTED and that Johnson's Section 2241 petition for writ of habeas corpus be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of February 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE